**TORRINGTON MANUFACTURING COMPANY, Plaintiff,**

**v.**

**ENGINEERING TOOL & METALS COMPANY et al., Defendants.**

**Civ. A. No. 13499.**

United States District Court
S. D. Texas,
Houston Division.

June 16, 1961.

"In any such case suit may be brought in rem or in personam according to the principles of law and the rules of practice obtaining in cases where the injury or damage has been done and consummated on navigable water * * *."

Browning, Simms, Hyer & Eickenroht, W. F. Hyer, Houston, Tex., for plaintiff.

Hayden & Pravel, Jack W. Hayden, Houston, Tex., for defendants.

INGRAHAM, District Judge.

This is a suit for patent infringement. Defendants named in the original complaint (Engineering Tool & Metals Company, also known as E.T.M. Company and as Engineering Tool & Metals, Inc.) move to dismiss for failure to state a claim and failure to join an indispensable party, Fed.Rule Civ.Proc. 12(b), 28 U.S. C.A.

The procedural posture of these motions is as follows. Plaintiff's original complaint was served upon "Engineering Tool & Metals Company also known as E.T.M. Company and as Engineering Tool and Metals, Inc. and Henry H. Brummel". Patent in suit was issued April 12, 1960. In Mr. Brummel's deposition of March 2, 1961, he stated at pages 15–16 that no party styled "Engineering Tool & Metals Company, d/b/a E.T.M. Company and as Engineering Tool & Metals, Inc. and Henry H. Brummel" has manufactured "blower wheels" after April 12, 1961. Brummel states at page 15 of the deposition that only "E.T.M. Manufacturing Company" manufactures "blower wheels". "E.T.M. Manufacturing Company" was not named in original complaint.

Following defendants' motion to dismiss of April 4, 1961, plaintiff served its first amended complaint on April 18, 1961; it named as defendants "Engineering Tool & Metals Company, also known as E.T.M. Company and as Engineering Tool & Metals, Inc., Henry H. Brummel, *Henry H. Brummel doing business as E.T.M. Manufacturing Company and E.T.M. Manufacturing Company*" (emphasis supplied). On May 9, 1961, there was filed the answer of "Defendant Henry H. Brummel d/b/a E.T.M. Manufacturing Company".

By Memorandum and Order of May 19, 1961, this court ordered defendants to show cause within ten days why the motion to dismiss should not be dismissed for mootness. In that memorandum the court was of the opinion that the defect charged to the original complaint (nonjoinder of E.T.M. Manufacturing Company) was cured in the first amended complaint. Defendants' "Reply To Show Cause" and plaintiff's opposition thereto are now before me.

I now summarize defendants' contentions. Defendants in effect admit that their charge of failure to join an indispensable party was rendered moot by plaintiff's first amended complaint. Defendants contend strenuously however that service of the amended complaint did not render moot their motion to dismiss for failure to state a claim or cause

of action. Engineering Tool & Metals Company is said to be an entity entirely separate from Henry H. Brummel. At page 5 of his deposition Brummel states that Engineering Tool & Metals Company is a partnership with one Manchester as the other party. Defendants note that Brummel declared (pages 15–16 deposition) only E.T.M. Manufacturing Company manufactured "blower wheels" after April 12, 1960. Defendants conclude therefore that no claim is stated in either complaint against Engineering Tool & Metals Company (also known as E.T.M. Company and Engineering Tool & Metals, Inc.), for such company is not shown to have manufactured infringing wheels after April 12, 1960. E.T.M. Manufacturing Company does not so move to dismiss; Brummel declares it to have manufactured "blower wheels" since April 12, 1960.

■ Defendants' motion to dismiss for failure to join an indispensable party is obviously moot. My opinion of May 19th properly so held. Defendants so admit in page 4 of their "Reply To Show Cause". That motion will be dismissed for mootness. Defendants' motion to dismiss for failure to state a claim is a different story. It is ripe for decision contrary to the view expressed previously in the memorandum of May 19th.

■ After reading and re-reading Brummel's deposition the court is of the opinion that defendants' motion to dismiss for failure to state a claim should be denied. Denial is proper for several reasons. First, plaintiff states a claim if defendants made, *used, or sold* any patented invention of plaintiff (35 U.S.C.A. § 271)[1] Brummel's statement at page 15 of deposition that E.T.M. Manufacturing Company was the only entity

that *manufactured* "blower wheels" after the patent in suit issued does not negative the possibility that movant Engineering Tool & Metals Company *used or sold* "blower wheels" after April 12, 1960. Brummel admitted at page 15 of deposition that movant had manufactured such wheels in the past. When asked if movant Engineering Tool & Metals Company was a sales agency of E.T.M. Manufacturing Company Brummel stated, "I do not know" (page 28 deposition). Both complaints allege movant either made or used or sold the patented article (e. g., page 2, complaint of January 23, 1961). Hence, Brummel's testimony does not demonstrate non-user or non-sale by movant. Issue of non-user or non-sale by movant remains one for exploration at trial, not disposition by this motion.

■ Second, Brummel's deposition is not wholly clear as to whether Engineering Tool & Metals Company is a partnership and hence separate from Brummel as an individual as defendants contend. He testified at page 4 thereof that the partnership was dissolved and non-existent as of the date of the deposition. He declared the status one of "sole proprietorship" at that time (page 5). As plaintiff correctly observes there exists an issue of fact as to whether movant was a partnership at the time complaints were filed.

Finally, I am hesitant as a matter of policy to dismiss upon the merits where movant relies so heavily upon a deposition so lacking in clarity and precise factual enunciation as is Brummel's. Layman Brummel was unfamiliar with the exact legal relationships (i. e., whether "partnership", "sole proprietorship", etc.) between his various enterprises.[2]

---

1. 35 U.S.C.A. § 271(a): " * * * whoever without authority *makes, uses or sells* any patented invention, within the United States during the term of the patent therefor, infringes the patent." (Emphasis supplied).

2. Examples of Brummel's haziness about the legal relationship of his enterprises:
   (a) Deposition, page 4: "Q. Is Engineering Tool & Metals (movant) a corporation or a partnership? A. *I really don't know, sir*. It is being dissolved. It is not a partnership as of now. Q. It is now being dissolved? A. I believe so. Yes, sir. *I am not very much up on that*." (Emphasis supplied).
   (b) Deposition, page 27: "Q. Mr. Brummel, is E.T.M. Manufacturing Com-

Those nice legal distinctions are crucial to a proper disposition of this case as to movant.

Engineering Tool & Metals Company's motion to dismiss for failure to state a claim upon which relief can be granted will be denied. Its motion to dismiss for failure to join an indispensable party will be dismissed for mootness. The clerk will notify counsel to draft and submit appropriate orders.

pany a corporation? A. *I just don't know.* I am very honest with you. *I just don't know.* * * * Q. Well, prior to your present activity in having it made a corporation, was it a partner- ship? (page 28). A. *You define the word partnership for me,* would you, please? And I am very fair with you on that." (Emphasis supplied).